10-0399-cr
U.S. v. Ojeda

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 8th day of March, two thousand eleven.

PRESENT:   PIERRE N. LEVAL,
                    REENA RAGGI,
                              *Circuit Judges*,
                    MIRIAM GOLDMAN CEDARBAUM
                              *District Judge.*\*

------------------------------------------------------------------

UNITED STATES OF AMERICA,
                              *Appellee*,

                    v.                                                        No. 10-0399-cr

LUIS OJEDA, a.k.a. LOUIE LOU,
                              *Defendant-Appellant*.
------------------------------------------------------------------

APPEARING FOR APPELLANT:        JONATHAN J. EINHORN, Esq., New Haven, Connecticut.

APPEARING FOR APPELLEE:         ANTHONY E. KAPLAN, Assistant United States Attorney (Edward Chang, Assistant United States Attorney (of counsel), *on the brief*), *on behalf of* David B. Fein, United States Attorney for the District of Connecticut, New Haven, Connecticut.

---

\* District Judge Miriam Goldman Cedarbaum of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from the United States District Court for the District of Connecticut (Alvin W. Thompson, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the corrected judgment entered on April 7, 2010, is AFFIRMED.

Defendant Luis Ojeda was convicted following a jury trial of conspiring to possess with intent to distribute five kilograms or more of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(ii), and 846, and of possessing an unspecified quantity of cocaine with intent to distribute, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C). Ojeda argues on appeal that the district court erred in denying his motion for a Bill of Particulars, and in allowing the government to present evidence of his casino gambling.[1] We assume the parties' familiarity with the facts and the record of prior proceedings, which we reference only as necessary to explain our decision to affirm.

1.    Denial of Request for Bill of Particulars

We review for abuse of discretion the district court's denial of a motion for a bill of particulars. United States v. Chen, 378 F.3d 151, 162-63 (2d Cir. 2004). "A bill of particulars is required only where the charges of the indictment are so general that they do not advise the defendant of the specific acts of which he is accused." Id. at 163 (internal quotation marks omitted). Moreover, "a bill of particulars is not necessary where the

---

[1] By letter to this court dated November 5, 2010, Ojeda voluntarily withdrew a third argument, namely that the district court erred in allowing testimony not previously disclosed pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972).

2

government has made sufficient disclosures concerning its evidence and witnesses by other means." Id. (internal quotation marks omitted). Further, even an erroneous denial of particulars will be deemed harmless unless the defendant can demonstrate that he was both taken by surprise and prejudiced by evidence presented at trial. See United States v. Barnes, 158 F.3d 662, 665-66 (2d Cir. 1998).

Like the district court, we conclude that no particulars were required in this case because the indictment identified the acts charged against Ojeda with sufficient particularity. Even assuming otherwise, however, Ojeda has failed to establish any resulting prejudice. Ojeda submits that he was surprised at trial by the testimony of a cooperating witness concerning the circumstances of certain cocaine transactions, including the amounts of cocaine involved and the location of the transactions. Any surprise, however, would have been minimal in light of previously disclosed evidence. For example, on telephone recordings disclosed prior to trial, Ojeda was heard discussing the same drug quantities and transaction site described by the cooperating witness. In these circumstances, Ojeda's conclusory allegation of prejudice is insufficient to establish that the district court abused its discretion in denying a bill of particulars.

2.    Evidence of Casino Gambling

Ojeda faults the district court for allowing the government to present evidence of his casino gambling that he asserts was unduly prejudicial. See Fed. R. Evid. 403, 404(b). This argument was waived in the district court and, in any event, is without merit.

3

"[W]aiver is the intentional relinquishment or abandonment of a known right." United States v. Olano, 507 U.S. 725, 733 (1993) (internal quotation marks omitted); see also United States v. Quinones, 511 F.3d 289, 321 n.21 (2d Cir. 2007). Where a defendant indicates that the district court's proposed resolution of an issue is satisfactory, he waives his right to appeal that resolution. See United States v. Polouizzi, 564 F.3d 142, 153 (2d Cir. 2009). Although Ojeda initially moved to exclude evidence of his casino gambling on the ground of undue prejudice, he withdrew that objection after the government proposed to limit the evidence to 2006-2007, the period of the charged conspiracy. Ojeda's counsel stated, "I have no objection to – if [the government] presents the evidence as we've discussed, I have no problem." Oct. 1, 2008 Hr'g Tr. at 20. The district court subsequently denied the motion in limine as moot, without objection from Ojeda. Nor did Ojeda object when the 2006-2007 evidence was subsequently presented at trial. This conduct waived Ojeda's prejudice complaint about the casino gambling evidence.

Waiver notwithstanding, the argument fails on the merits. "We review a district court's evidentiary rulings deferentially, mindful of its superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice. We will reverse an evidentiary ruling only for abuse of discretion." United States v. Abu-Jihaad, 630 F.3d 102, 131 (2d Cir. 2010) (citation and internal quotation marks omitted). This court takes an "inclusionary approach" to the admission of other-act evidence, under which "such evidence is admissible for any purpose other than to show the defendant's criminal propensity," United States v. McCallum, 584 F.3d 471, 475 (2d Cir. 2009) (internal quotation

4

marks omitted); see Fed. R. Evid. 404(b), so long as the probative value of the evidence outweighs any unfairly prejudicial effect, see United States v. McCallum, 584 F.3d at 476; Fed. R. Evid. 403. As Ojeda concedes, evidence of unexplained wealth is generally probative in narcotics crimes, and therefore is not relevant simply to propensity. See Appellant's Br. at 10 (citing United States v. Young, 745 F.2d 733, 762-63 (2d Cir. 1984)). Further, Ojeda does not dispute that the gambling evidence was probative of unexplained wealth, and he fails to identify any respect in which it would have tended to prove an adverse fact not properly in issue or unfairly excite the jury's emotions, so as to be unfairly prejudicial. See United States v. Mercado, 573 F.3d 138, 146 (2d Cir. 2009). We therefore find no abuse of discretion in the district court's decision to admit this evidence.

3.    Conclusion

We have considered Ojeda's other arguments on appeal and conclude that they are without merit. Accordingly, we AFFIRM the judgment of conviction.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, Clerk of Court