**UNITED STATES of America,**

v.

**Armani CUMMINGS, et al., Defendants.**

**No. 12–Cr–31 (VM).**

United States District Court, S.D. New York.

Signed Nov. 6, 2014.

Hadassa Robyn Waxman, Timothy Donald Sini, United States Attorney Office, New York, NY, for Plaintiff.

Hadassa Robyn Waxman, Avraham Chaim Moskowitz, Moskowitz & Book, LLP, Daniel Steven Parker, Parker & Carmody, LLP, Diane Ferrone, Diane Ferrone, Esq., Kafahni Nkrumah, Kafahni Nkrumah, Esq., Benjamin Todd Alden, Joanna C. Hendon, Spears & Imes LLP,

Lawrence Francis Ruggiero, Lawrence F. Ruggiero, Esq., Frank Handelman, Law Offices of Frank Handelman, Florian Miedel, Miedel & Mysliwiec, Christopher Paul Madiou, Law Offices of Christopher Madiou, Kenneth Alan Paul, Law Office of Kenneth A. Paul, Robert A. Soloway, Rothman, Schneider, Soloway & Stern, LLP, Jesse M. Siegel, Law Office of Jesse M. Siegel, Adam D. Perlmutter, Daniel Adam McGuinness, Law Offices of Adam Perlmutter, Richard Harris Rosenberg, Richard H. Rosenberg, Attorney at Law, Susan Vicki Tipograph, Susan V. Tipograph, Attorney at Law, Gary G. Becker, Gary G. Becker, L.L.C., Bobbi C. Sternheim, Law Offices of Bobbi C. Sternheim, Henry J. Steinglass, Ira D. London, Law Office of Ira D. London, Lee Alan Ginsberg, Freeman Nooter & Ginsberg, Guy Oksenhendler, Law Offices of Guy Oksenhendler, Toni Marie Messina, Toni Messina, Alice L. Fontier, Alice L. Frontier, Gregory E. Cooper, Gregory E. Cooper, Esq., Sean Michael Maher, The Law Offices of Sean M. Maher, PPLC, James Cohen, Fordham Law Clinic, Harvey Fishbein, Harvery Fishbein, Esq., Anthony Cecutti, Romano & Kuan, PLLC, Irving Cohen, Irving Cohen, Attorney–at–Law, Stanislao A. German, Law Office of Stanislao A. German, Jonathan Marks, Jonathan Marks P.C., Donald Joseph Yannella, III, Donald Yannella P.C., Jane H. Fisher–Byrialsen, Fisher & Byrialsen & Kreizer, PLLC, Ariadne Green, Dawn M. Card & Associates, Chad Lathrop Edgar, Cardi & Edgar LLP, Dawn Marcella Cardi, Cardi & Edgar LLP, Donna Rita Newman, Law Offices of Donna R. Newman, Beth Mina Farber, Harris, O'Brien, St. Laurent & Houghteling LLP, Gary S. Villanueva, Gary S. Villanueva, Attorney at Law, Cesar De Castro, The Law Firm of Cesar De Castro, P.C., Francisco Celedonio, Law Office of Francisco E. Celedonio, Michael H. Sporn, Law Office of Michael H. Sporn, Sanford N. Talkin, Talkin, MucciGrosso & Roberts, Peter E. Brill, Brill Legal Group, Christopher William Robbins, Richard Franklin Albert, Morvillo, Abramowitz, Grand, Iason, & Anello P.C., Richard Palma, Richard Palma, Attorney at Law, Bennett M. Epstein, Elizabeth Edwards Macedonio, Elizabeth E. Macedonio, P.C., Aubrey Lees, Aubrey Lees, Esq., Frederick Harvey Cohn, Law Office of Frederick H. Cohn, Frederick H. Cohen, Michael Hurwitz, Hurwitz Stampur & Roth, Steven Gary Brill, Sullivan & Brill, LLP, Robert Joel Krakow, Law Office of Robert J. Krakow, P.C., John Francis Kaley, Doar, Rieck, Kaley & Mack, Donald D. Duboulay, Donald Duboulay, Esq, John Michael Rodriguez, Law Office of John M. Rodriguez LLC, Marlon Geoffrey Kirton, Marlon G. Kirton, P.C., Sam A. Schmidt, Sam A. Schmidt Law Office, Lawrence H. Schoenbach, Law Offices of Lawrence H. Schoenbach, Melinda Marie Sarafa, Sarafa Law, LLC, Colleen Quinn Brady, Colleen Quinn Brady, Esq, Eric Mark Sears, Ronald Leon Garnett, Law Offices of Ronald L. Garnett, New York, NY, Mark Steven Demarco, Mark S. Demarco Law Office, Matthew J. Kluger, Law Offices of Matthew J. Kluger, Anthony Strazza, Anthony Strazza, Esq., Natali J.H. Todd, Law Office of Natali J.H. Todd P.C., Brooklyn, NY, Karen Hillary Charrington, The Charrington Firm, P.C., Rosedale, NY, Stewart Leigh Orden, Stewart L. Orden, White Plains, NY, Alan Mitchel Nelson, Alan M. Nelson, Esq, Lake Success, NY, Patrick A.H. Watts, Law Office of Patrick A.H. Watts, Bronx, NY, Jeffrey G. Pittell, Attorney at Law, Great Neck, NY, Mary Lency Bejarano Cuellar, Law Office of Mary L. Bejarano, PC, Queens, NY, for Defendants.

## DECISION AND ORDER

VICTOR MARRERO, District Judge.

Defendants Armani Cummings ("Cummings"), Jose Munoz ("Munoz"), and

Christopher Nwanko ("Nwanko") (together, "Defendants") are charged with conspiracy to distribute and possess with intent to distribute 280 grams or more of crack cocaine, in violation of 21, U.S.C. §§ 846 and 841(b)(1)(A), and with possessing firearms in furtherance of the conspiracy, in violation of 18 U.S.C. § 924(c). Cummings is also charged with the narcotics-related homicides of Laquan Jones and Carl Copeland in violation of 21 U.S.C. § 848(e), and 18 U.S.C. §§ 924(c) and 924(j). Munoz is charged with the narcotics-related homicide of Shameck Young and with conspiring to commit and committing Hobbs Act robbery, in violation of 18 U.S.C. §§ 924(c)(1)(A)(ii), 924(c)(1)(C)(i) and 2.

The Government now moves *in limine* seeking admission of certain evidence, specifically: (1) prior arrests and convictions of Munoz; (2) violent acts committed by Nwanko;[1] (3) gang membership of Cummings and Munoz; (4) threats made by Cummings and Munoz to cooperating witnesses; and (5) incarcerations of Cummings and Munoz.

Cummings has also moved for a hearing pursuant to *Massiah v. United States*, 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), to determine whether the Government's proposed cooperating witnesses were functioning as agents of the Government when Cummings made certain statements to them or in their presence that the Government seeks to introduce.

For the reasons described below, the Government's motion is granted in part and denied in part, and Cummings's motion for a *Massiah* hearing is denied.

## A. PRIOR ARRESTS AND CONVICTIONS

The Government moves to admit evidence of Munoz's prior arrests for narcotics sales and of his conviction for possession of a firearm as "direct evidence of narcotics conspiracy" and "of his possession of firearms in furtherance of the narcotics conspiracy." (Government's Letter Motion *in Limine*, dated October 27, 2014 ("Gov't Letter Mot."), at 4.)

### 1. *Legal Standard*

In conspiracy cases, "the Government may offer proof of acts not included within the indictment, as long as they are within the scope of the conspiracy." *United States v. Bagaric*, 706 F.2d 42, 64 (2d Cir.1983). Accordingly, the uncharged criminal activity does not fall within the ambit of Federal Rule of Evidence 404(b) "if it arose out of the same transaction or series of transactions as the charged offense, if it is inextricably intertwined with the evidence regarding the charged offense, or if it is necessary to complete the story of the crime on trial." *United States v. Carboni*, 204 F.3d 39, 44 (2d Cir.2000). Where evidence meets this standard, the Court need not instruct the jury against making an improper inference of criminal propensity. However, "where it is not manifestly clear that the evidence in question is intrinsic proof of the charged crime, the proper course is to proceed under Rule 404(b)." *United States v. Townsend*, No. S106 CR 34, 2007 WL 1288597, at *1 (S.D.N.Y. May 1, 2007) *aff'd sub nom. United States v. Mercado*, 573 F.3d 138 (2d Cir.2009).

Where an uncharged criminal activity does not meet the standard laid out in *Carboni*, it must pass muster under Rule

---

1. The Government's request regarding Nwanko's violent acts is mooted by Nwanko's guilty plea on November 6, 2014. Therefore the Court will not address the request regarding Nwanko any further.

404(b). The Second Circuit follows an inclusionary approach to the admission of other act evidence under Rule 404(b). Such evidence is "admissible for any purpose other than to show a defendant's criminal propensity." *United States v. Harris,* 733 F.2d 994, 1006 (2d Cir.1984). An inclusionary approach does not mean, however, that "any prior act of the defendant in the same category of crime" is admissible. *United States v. McCallum,* 584 F.3d 471, 475 (2d Cir.2009).

█ As with all evidence, uncharged criminal activity must have probative value that outweighs the danger of unfair prejudice to satisfy Federal Rule of Evidence 403. Evidence creates unfair prejudice if it may "lure the factfinder into declaring guilt on a ground different from proof specific to the offense charged." *Old Chief v. United States,* 519 U.S. 172, 180, 117 S.Ct. 644, 136 L.Ed.2d 574 (1997). Such prejudice can be mitigated by the use of a limiting instruction. *See United States v. Ebner,* 782 F.2d 1120, 1126 (2d Cir.1986).

### 2. *Discussion*

█ The Government has failed to provide sufficient evidence to meet the standard laid out in *Carboni* for admission of Munoz's crack arrests and firearms conviction as direct evidence of the conspiracy. Specifically, the Government has made no showing that Munoz's crack-related arrest or his conviction for possession of a firearm "arises out of the same transaction or series of transactions" as the conspiracy, or that they are closely tied or connected with or "necessary to complete the story" of the conspiracy. *See Carboni,* 204 F.3d at 44. Based on the sparse details the Government has provided regarding two examples of the evidence it plans to submit—a crack-related arrest on or about October 5, 2011 at 2802 Olinville Avenue in the Bronx and a firearms conviction on

July 23, 2010 for possession of a weapon on Tremont Avenue in the Bronx—there is no basis to support a reasonable finding that these acts are sufficiently connected to the underlying conspiracy such that it is "manifestly clear that the evidence in question is intrinsic proof of the charged crime." *Townsend,* 2007 WL 1288597, at *1. It could be that Munoz's crack-related arrest and firearm conviction are connected to the charged conspiracy, but the Government has not provided enough detail to enable the Court to reach that conclusion. Unless the Government provides evidence sufficiently linking Munoz's arrest and conviction to the narcotics conspiracy alleged in the indictment, these acts are not "within the scope of the conspiracy" and have to meet the other acts standard in Rule 404(b).

█ The evidence of the two uncharged prior acts provided by the Government does, however, meet the standard in Rule 404(b). Such evidence is admissible "for any purpose other than to demonstrate criminal propensity." *United States v. LaFlam,* 369 F.3d 153, 155 (2d Cir.2004). The Government offers them to show Munoz's access to guns and crack cocaine and knowledge regarding the sale of crack cocaine. Prior arrests and convictions for crack cocaine reflect knowledge of drug dealing, just as the prior conviction for possession of a firearm shows access to firearms. As long as Munoz's knowledge of drug trafficking and access to firearms are in dispute, evidence of prior bad acts showing knowledge and access are admissible for those purposes. *See McCallum,* 584 F.3d at 476 (finding similar acts evidence admissible to show defendant's intent and knowledge because defendant's counsel did not make a clear statement to the court indicating intent and knowledge would not be disputed).

Because the Court cannot allow this evidence to be offered to show criminal propensity, the Government's presentation must not create that impression. To that end, the Court will deliver a limiting instruction directing the jury not consider this other prior criminal activity as direct evidence of the charged conspiracy, or to show criminal propensity, but only as tending to show Munoz's knowledge of drug dealing and access to firearms.

The Court notes that the Government did not specify how many of Munoz's prior arrests and convictions for narcotics sales it intends to offer as evidence. Once knowledge and access are established, any evidence of additional arrests and convictions would risk significant unfair prejudice, as a string of successive arrests and convictions could strongly suggests criminal propensity, and would have no admissible purpose.

Accordingly, the Government's motion is granted with respect to Munoz's prior arrests and convictions to the extent they are offered to show knowledge, access, or any other admissible purpose that is in dispute, subject to the Court's limiting instruction.

## B. GANG MEMBERSHIP OF CUMMINGS AND MUNOZ

■ The Government seeks to introduce evidence that Cummings and Munoz were members of the Bloods street gang at times relevant to this case. The Government argues the evidence of these Defendants' gang membership is admissible because it explains their personal relationship, as well as their relationships with the cooperating witnesses the Government intends to call, some of whom were also members of the Bloods gang. Cummings argues that the gang membership evidence at issue is inadmissible because none of the charges on trial are gang-related and that any gang relationship between Munoz and Cummings is not relevant to the crimes charged. Munoz argues the evidence is more prejudicial than probative and should be excluded under Rule 403 because the Bloods are a "notorious nationwide street gang" that has been portrayed as particularly violent. (Munoz Letter Motion in Opposition to the Government's Motion *in Limine*, dated October 31, 2014, at 4.)

The Court is persuaded that Cummings's and Munoz's gang membership is relevant and admissible to enable the jury to understand these Defendants' relationship and why they would trust one another and the cooperating witnesses to whom they allegedly made incriminating statements. The Government offers the gang membership evidence for reasons which have been approved by the Second Circuit, namely to "inform the jury of the background of the conspiracy charged, in order to help explain how the illegal relationship between participants in the crime developed, or to explain the mutual trust that existed between coconspirators." *United States v. Diaz*, 176 F.3d 52, 79 (2d Cir. 1999).

However, for these permissible purposes it is only probative that Cummings and Munoz and the cooperating witnesses were in a gang together. That the gang was the Bloods in particular does not add any probative value and risks the unfair prejudice that may come with association with a nationally recognized violent street gang. Therefore, the Court grants the Government's motion, insofar as the Government can present evidence that Cummings, Munoz, and the relevant cooperating witnesses were in a gang together. The Government is instructed, however, not to elicit testimony suggesting or stating that this gang was the Bloods. And as the Government already agreed to in

its letter, the Government should also make no reference to their membership in Mac Balla Brims's "murder unit," given the prejudice such association could generate. (Gov't Letter Mot. 6.)

## C. THREATS MADE TO COOPERATING WITNESSES BY CUMMINGS AND MUNOZ

■ A defendant's threats toward a witness are admissible under Rule 404(b) as evidence of consciousness of guilt. *See United States v. Perez,* 387 F.3d 201, 209–10 (2d Cir.2004). The Court agrees with the Government that the potential for unfair prejudice by presenting the threats at issue here is mitigated by the severity of the crimes alleged in the indictment. Certainly an allegation of a verbal death threat is no more inflammatory than an accusation of "two premeditated, assassination-style murders." (Gov't Letter Mot. 7.) The potential for prejudice could be further mitigated by a limiting instruction advising the jury that these threats are admissible only to show consciousness of guilt. The Court therefore grants the Government's motion with regard to evidence that Cummings and Munoz threatened cooperating witnesses, subject to an appropriate limiting instruction.

## D. INCARCERATIONS OF CUMMINGS AND MUNOZ

The Government intends to offer allegedly incriminating statements, including a confession, made by Cummings and Munoz while in custody. To provide the context for these statements, the Government may have to offer evidence that Cummings and Munoz were in custody. Assuming the admissibility of the incriminating statements themselves, the Court is unpersuaded that any prejudice associated with incarceration outweighs the probative value of providing the context of the offered statements.

With regard to Munoz's incarceration from 2008 to 2010, the Court is persuaded that the Government should be allowed to present the evidence necessary for the jury to understand why Munoz could not have participated in any conspiracy-related activity during the time he was incarcerated.

The Court therefore grants the Government's motion with regard to the incarcerations of Cummings and Munoz. The Court will issue a limiting instruction directing the jury not to draw any inferences of guilt from any of the Defendants' time in jail.

## E. CUMMINGS'S REQUEST FOR A HEARING PURSUANT TO *MASSIAH V. UNITED STATES*

The Court is unpersuaded that a hearing is necessary on the issue of whether the cooperators were acting as agents of the Government at the time of the alleged incriminating statements, but agrees with Cummings that the Government must provide further details to allay any such concerns. Therefore the Government is instructed to provide additional details—such as who initiated the relevant conversations, whether the cooperator played any role in inducing Cummings's incriminating statements, and the timing of the conversations in relation to when the witness began cooperating. Based on that information, the Court will determine whether and under what circumstances introduction of the evidence of the cooperators' conversations with Cummings would be appropriate.

## ORDER

For the reasons stated above, it is hereby

**ORDERED** that the motion *in limine* of the Government (Docket No. 934) is

**GRANTED** in part and **DENIED** in part as follows:

**GRANTED** as to the prior arrests and convictions of defendant Jose Munoz ("Munoz"), to the extent the evidence is offered for an admissible purpose under Federal Rule of Evidence 404(b) that is in dispute, and subject to the Court's limiting instruction to the jury against considering the evidence for the purpose of showing Munoz's propensity to commit similar acts;

**GRANTED** as to evidence that defendant Armani Cummings ("Cummings"), Munoz, and a number of cooperating witnesses were members of the same gang, except that the Government will not be allowed to present evidence indicating or suggesting that this gang is the Bloods;

**GRANTED** as to threats made by Cummings and Munoz against cooperating witnesses, subject to a limiting instruction directing the jury to consider the threats only to show consciousness of guilt;

**GRANTED** as to the incarceration of Cummings and Munoz during certain periods relevant to this case, subject to a limiting instruction directing the jury to draw no inferences of guilt from Defendants' time in jail; and it is further

**ORDERED** that Cummings's request for a hearing pursuant to *Massiah v. United States* 377 U.S. 201, 84 S.Ct. 1199, 12 L.Ed.2d 246 (1964), is **DENIED**. The Government is instructed, before presenting evidence of Defendants' alleged incriminating jailhouse statements to cooperators, to provide particulars explaining the relationship of the cooperating witnesses with the Government at the time of the statements, who initiated the conversations, and their timing.

**SO ORDERED.**