15-541-cr
*United States v. Peters*

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 14th day of April, two thousand sixteen.

PRESENT:   JOSÉ A. CABRANES,
                    DEBRA ANN LIVINGSTON,
                    GERARD E. LYNCH,
                              *Circuit Judges.*

---

UNITED STATES OF AMERICA,

|                     |                   |
|---------------------|-------------------|
| *Appellee,*         | No. 15-541-cr     |
| v.                  |                   |

ALLAN PETERS, AKA Hiio,

  *Defendant-Appellant.*

---

| | |
|---|---|
| **FOR PETERS:** | DENNIS B. SCHLENKER, Albany, NY. |
| **FOR UNITED STATES OF AMERICA:** | PAUL D. SILVER, Assistant United States Attorney, *for* Richard S. Hartunian, United States Attorney for the Northern District of New York, Albany, NY. |

Appeal from a judgment of the United States District Court for the Northern District of New York (Glenn T. Suddaby, *Chief Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-appellant Allan Peters ("Peters") was convicted after a jury trial of one count of conspiracy to possess with intent to distribute and to distribute 1000 kilograms or more of marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(A), arising from his alleged role in a marijuana distribution scheme in which Peters, among other things, facilitated the use of his mother's property at the United States-Canada border to traffic marijuana from Canada into the United States. Peters was sentenced principally to 168 months' imprisonment. The District Court entered judgment against Peters on February 13, 2015. This appeal followed.

On appeal, Peters argues, *inter alia*, that the District Court erred (1) by admitting "other crime" evidence during trial regarding a gun-trafficking scheme about which Peters was unaware; (2) by denying his motion for a mistrial after the government inadvertently played a portion of an audio recording for the jury in which he referred to a past gun-related conviction; (3) by allowing the government to bolster improperly the testimony of three of its witnesses during trial; (4) by committing plain error in allowing introduction of hearsay that did not meet an exception to the rule against hearsay; (5) by permitting a conviction based on insufficient evidence of a conspiracy; and (6) by imposing a two-level obstruction-of-justice enhancement under U.S.S.G. § 3C1.1.

We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal. For the reasons set forth below, we reject Peters's arguments as meritless.

**A.**

First, Peters argues that the District Court erred by admitting evidence during trial that one of the marijuana suppliers in Canada had arranged for a government informant, Alain Forget, to pick up sixteen guns from Syracuse, New York, with the intent that Peters use his mother's property to help smuggle the guns into Canada. Peters contends that this evidence violated Rules 401, 402,[1] 403, and 404(b) of the Federal Rules of Evidence. We disagree.

"We review a district court's evidentiary rulings under a deferential abuse of discretion standard, and we will disturb an evidentiary ruling only where the decision to admit or exclude

---

[1] Although Peters does not cite Rule 402 in his briefs, we construe his Rule 401 argument as implicating a violation of Rule 402 because evidence that is not relevant under Rule 401 is inadmissible under Rule 402. *See* Fed. R. Evid. 401, 402.

evidence was manifestly erroneous." *United States v. Litvak*, 808 F.3d 160, 179 (2d Cir. 2015) (internal quotation marks omitted).

Under Rule 401, the evidence of the gun-trafficking scheme was relevant to whether Peters had participated in the alleged marijuana distribution conspiracy. For instance, the evidence showed that one of the marijuana suppliers had asked one of the marijuana transporters, Forget, to pick up the guns in Syracuse and to inform the supplier when the guns would be available for pickup at Peters's mother's property. App. 449–52, 734–36. The evidence further showed that, when Forget met with Peters to discuss the guns—about which Peters appeared to know nothing—Peters indicated that there had been an increased law enforcement presence near his mother's property and stated, "Everybody is done at my mother['s]," App. 750, but nonetheless agreed to deliver to the marijuana supplier a receipt indicating that the guns had been confiscated by law enforcement personnel, App. 755. The foregoing evidence supported the government's charge that Peters was a member of the alleged conspiracy. *See* Fed. R. Evid. 401. Accordingly, the evidence was admissible under Rule 402. *Id.* 402.

Under Rule 403, the probative value of the gun-trafficking evidence was not "substantially outweighed by a danger of . . . unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Fed. R. Evid. 403. Peters contended at trial that the evidence "could be highly prejudicial" to Peters, App. 276, but as Peters points out in his brief, the government introduced no evidence that Peters participated in the gun-trafficking scheme; to the contrary, the evidence strongly suggested that Peters was unaware of and disavowed the scheme, undermining his unfair-prejudice argument. *See* App. 748. Moreover, the District Court mitigated the purported risk of unfair prejudice by instructing the jury that it may not "consider th[e] evidence as proof that defendant has a criminal personality or bad character," and that it was admitted only "for the purpose[s] of helping [the jury to] understand the background, history and nature of the relationship between the defendant and the government's witnesses" and "to establish the defendant's state of mind in carrying out acts charged in the indictment."[2] App. 703–04. Accordingly, the evidence was admissible under Rule 403.

Under Rule 404(b)(1), the gun-trafficking evidence was not introduced "to prove [Peters's] character in order to show that on a particular occasion [he] acted in accordance with the character." Fed. R. Evid. 404(b)(1). As noted above, the government introduced the evidence to prove that Peters was a member of the alleged smuggling conspiracy—not to prove that Peters had a criminal propensity. Moreover, the evidence was within the scope of Rule 404(b)(2) because the government

---

[2] Peters argues also that the District Court did not "engage[ ] in any meaningful . . . Rule 403 inquiry," Def. Br. 30, but "[w]e do not require a district court to articulate the relevant considerations on the record, and we ordinarily assume that such due consideration was given," *United States v. Morgan*, 786 F.3d 227, 232 (2d Cir. 2015) (internal quotation marks omitted).

introduced the evidence in part to prove opportunity. *See* Fed. R. Evid. 404(b)(2) (providing that evidence of a crime, wrong, or other act "may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident"); *see also United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) ("Our Circuit takes an inclusionary approach to the admission of prior crimes evidence, under which such evidence is admissible for any purpose other than to show the defendant's criminal propensity." (internal quotation marks omitted)).

In sum, we conclude that in the circumstances presented here the District Court did not abuse its discretion by admitting evidence of the gun-trafficking scheme.

**B.**

Second, Peters argues that the District Court erred by denying his motion for a mistrial after the government inadvertently played a portion of an audio recording for the jury in which Peters stated, "I don't want nothing to do with guns. I went to jail for that already." Peters contends that playing the second sentence of that statement, which the government had agreed to redact before trial, was "particularly egregious in light of the multitude of evidence concerning the seizure of 16 firearms from the Syracuse motel." Def. Br. 35–40. Peters's argument lacks merit.

 "A defendant's motion for a mistrial may be granted where something has occurred to interfere with the defendant's right to a fair trial." *United States v. Yannai*, 791 F.3d 226, 242 (2d Cir. 2015). We review the District Court's denial of Peters's motion for a mistrial for abuse of discretion. *Id.*

In the circumstances presented here, we conclude that the inadvertently introduced evidence, even though inadmissible, was not so prejudicial that the District Court was required to grant Peters's motion for a mistrial. Although we have recognized that, "in some instances the improper introduction of evidence of a defendant's prior criminal record can constitute prejudicial error beyond the capacity of cautionary instructions to cure," *United States v. Fermin*, 32 F.3d 674, 677 (2d Cir. 1994), *overruled on other grounds by Bailey v. United States*, 516 U.S. 137 (1995), this was not such an instance. As the District Court noted, the government's failure to redact the statement was "an innocent mistake" of a "very limited . . . nature," and did not cause "significant prejudice to [Peters]." App. 352, 353. Indeed, the statement was played only once for the jury as part of a longer recording and was deleted from the recording before it was played again for the jury later in the trial. Moreover, the District Court offered to give the jury a curative instruction, but Peters, perhaps to avoid drawing attention to the statement, opted instead for the Court to give a generalized propensity instruction after the close of evidence. The District Court gave such an instruction after

4

receiving the suggestions of Peters and without objection to the instruction eventually given.[3] Further, the transcript of the recorded conversation, Government Exhibit 17—which was admitted into evidence to aid the jury—was properly redacted to omit the reference to Peters's prior conviction. Based on the foregoing, we conclude that admission of the statement did not interfere with Peters's right to a fair trial, and the District Court did not abuse its discretion by denying Peters's motion for a mistrial.

## CONCLUSION

We have considered the defendant-appellant's remaining arguments and find them also to be without merit. Accordingly, we **AFFIRM** the February 13, 2015 judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

---

[3] "We normally presume that a jury will follow an instruction to disregard inadmissible evidence inadvertently presented to it, unless there is an 'overwhelming probability' that the jury will be unable to follow the court's instructions, and a strong likelihood that the effect of the evidence would be 'devastating' to the defendant." *Greer v. Miller*, 483 U.S. 756, 766 n.8 (1987) (citation omitted).

5