17-1741-cr
*United States v. Baez*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of January, two thousand nineteen.

PRESENT:    PETER W. HALL,
            SUSAN L. CARNEY,
            RICHARD J. SULLIVAN,
                    *Circuit Judges.*

-----------------------------------------------------------------------
UNITED STATES OF AMERICA,

                    *Appellee,*

            v.                                          No. 17-1741-cr

ATDILON BAEZ,

                    *Defendant-Appellant.*

-----------------------------------------------------------------------
FOR APPELLANT:              EZRA SPILKE, Law Offices of Ezra Spilke, PLLC, Brooklyn, New York.

FOR APPELLEE:               SAMSON ENZER, Karl Metzner, Assistant United States Attorneys, *for* Geoffrey S. Berman, United States Attorney for the Southern District of New York, New York, New York.

1

Appeal from a judgment of the United States District Court for the Southern District of New York (Woods, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court is **AFFIRMED**.

Defendant-Appellant Atdilon Baez was tried and convicted of knowingly possessing a TEC-9 semi-automatic firearm after having been convicted of a felony, in violation of 18 U.S.C. § 922(g)(1), and knowingly selling the TEC-9 to a convicted felon, in violation of 18 U.S.C. § 922(d)(1). Baez was sentenced principally to 105 months of imprisonment.

We assume the parties' familiarity with the facts, record of prior proceedings, and arguments on appeal, which we reference only as necessary to explain our decision to affirm.

During pretrial proceedings, Baez indicated that he planned to raise at trial a defense of entrapment. To rebut this defense, the Government sought to introduce evidence showing Baez's predisposition to commit the charged offenses. Pursuant to Rule 404(b) and Rule 403 of the Federal Rules of Evidence, the District Court admitted over Baez's objection certain evidence of Baez's statements, conduct, and prior convictions for weapons possession as proof of his predisposition to commit the charged offenses. Baez challenges these evidentiary rulings under Rule 404(b) and Rule 403. For the reasons that follow, we are not persuaded by Baez's arguments.

We review the District Court's evidentiary rulings for abuse of discretion. *United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006) (Rule 403); *United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (Rule 404(b)). "To find such abuse, we must conclude that the trial judge's

evidentiary rulings were arbitrary and irrational." *United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006) (internal quotation marks omitted).

"If a defendant presents credible evidence of government inducement, then the prosecutor must show predisposition beyond a reasonable doubt." *United States v. Bala*, 236 F.3d 87, 94 (2d Cir. 2000). Rule 404(b) provides that evidence of crimes, wrongs, or other acts is inadmissible "to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character," but is admissible for other purposes. Fed. R. Evid. 404(b). Under the inclusionary approach adopted by this Circuit, such evidence is admissible "for any purpose other than to show the defendant's criminal propensity." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009). In an entrapment case, evidence offered to show predisposition is admissible under Rule 404(b). *United States v. Blankenship*, 775 F.2d 735, 739 (2d Cir. 1985). A district court must also assess the admissibility of such evidence under Rule 403, which permits a court to "exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice." Fed. R. Evid. 403.

First, Baez challenges the admission of his statements expressing a desire to join forces with Victor Moral, a Government informant, to commit armed robberies and describing his plan for doing so. He argues that armed robbery is not sufficiently similar to the charged conduct to be probative evidence of predisposition and that these statements are more prejudicial than probative. When a defendant's past conduct is offered as predisposition evidence, the past conduct "should be near enough in kind to support an inference that his purpose included offenses of the sort charged" but need not "be precisely the same as that for which the defendant is being prosecuted." *United States v. Harvey*, 991 F.2d 981, 994 (2d Cir.

3

1993) (internal quotation marks omitted). The District Court did not exceed the bounds of its discretion when it determined that the armed robbery statements were probative evidence of predisposition because they showed Baez's "predisposition to engage in criminal activity involving firearms, criminal activity with [Moral] in particular, and, in this instance, to ensure that [Moral] had appropriate weapons for future robberies and the like." App. 537. Nor did the District Court abuse its discretion in ruling that the statements were not unfairly prejudicial because, although armed robbery is arguably more sensational or disturbing than possessing and selling firearms, the statements did not indicate that Baez committed armed robberies; they showed merely that he contemplated doing so.

Second, Baez argues that evidence of his sale of a .38 caliber revolver to Moral should have been excluded because the sale took place after the government inducement and was a less prompt response to government inducement than the post-inducement conduct that we held to be admissible in *United States v. Brand. See* 467 F.3d at 190–95. To be sure, the Government cannot rely on conduct that was induced by government agents to prove that a defendant was predisposed to commit the charged crime. But the Government may introduce post-inducement conduct to establish predisposition by demonstrating that the defendant "promptly avail[ed] himself of a government-sponsored opportunity to commit a crime." *Id.* at 193–95. The key question with regard to "prompt availment" is not the precise amount of time that passes between the government contact and the criminal conduct, but rather the degree to which the defendant exhibits a ready willingness to engage in the criminal conduct with as little delay as possible, indicating that the conduct was an independent choice and not the product of persuasion or badgering by the government agent. *See id.* at 192–95; *United*

4

*States v. Salerno*, 66 F.3d 544, 547 (2d Cir. 1995); *United States v. Cromitie*, 727 F.3d 194, 213–14 (2d Cir. 2013). Here, as the District Court noted, the sale of the revolver occurred the first time Baez saw Moral outside of prison, and there was no evidence to suggest Moral badgered Baez into making this sale. The District Court, therefore, did not abuse its discretion in admitting evidence of this sale.

Finally, Baez contends that the District Court should have excluded evidence of his 1989 conviction for possessing a shotgun as too old and his 2002 conviction for possessing a pellet gun as too dissimilar to the firearm offenses charged in this case. The District Court, however, conscientiously considered both of these objections and did not abuse its discretion in admitting the convictions as highly probative. The temporal remoteness of prior bad acts, though relevant to an assessment of their probative value, is not dispositive. *See United States v. Curley*, 639 F.3d 50, 59 (2d Cir. 2011). Furthermore, prior acts are probative when they show "a pattern of activity that continued up to the time of the charged conduct." *Id.*; *accord United States v. Brunshtein*, 344 F.3d 91, 101 (2d Cir. 2003) (predisposition may be shown by "an existing course of criminal conduct similar to the crime for which" a defendant is charged). Baez's prior weapons possession convictions are probative because of their similarity to the charged offense and because, taken together, Baez's three prior convictions—in 1989, 2002, and 2011[1]—demonstrate "a pattern of activity that continued up to the time of the charged conduct." *Curley*, 639 F.3d at 59.

In any event, we conclude that any purported error was harmless in light of the other evidence presented at trial, including Baez's videotaped confession in which he admitted that

---

[1] Baez specifically stated he had no objection to the admission of the 2011 conviction.

he had obtained the TEC-9 *before* ever having met Moral, as well as cell phone data demonstrating that, absent any Government inducement, Baez visited websites offering firearms for sale. Accordingly, we can "conclude with fair assurance that the [contested] evidence did not substantially influence the jury." *United States v. McCallum*, 584 F.3d 471, 478 (2d Cir. 2009) (internal quotation marks and citation omitted).

We have considered all Baez's remaining arguments and conclude that they are without merit. Accordingly, we **AFFIRM** the judgment of the District Court.

<div style="margin-left: 45%;">

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

</div>