18-2414-cr
*United States v. Jalisa Moore*

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**<u>SUMMARY ORDER</u>**

**R**ULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. **C**ITATION TO A
SUMMARY ORDER FILED ON OR AFTER **J**ANUARY **1, 2007** IS PERMITTED AND IS GOVERNED BY
**F**EDERAL **R**ULE OF **A**PPELLATE **P**ROCEDURE **32.1** AND THIS **C**OURT'S **L**OCAL **R**ULE **32.1.1.**
**W**HEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS **C**OURT, A PARTY MUST
CITE EITHER THE **F**EDERAL **A**PPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION
"SUMMARY ORDER"). **A** PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON
ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second
Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in
the City of New York, on the 1st day of November, two thousand nineteen.

PRESENT:   JON O. NEWMAN,
           DENNY CHIN,
           JOSEPH F. BIANCO,
                 *Circuit Judges*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

UNITED STATES OF AMERICA,
                 *Appellee*,

                 v.                                    18-2414-cr

JALISA MOORE,
                 *Defendant-Appellant*.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x

FOR APPELLEE:                     DREW G. ROLLE, Assistant United States
                                  Attorney (Jo Ann M. Navickas, Assistant
                                  United States Attorney, *on the brief*), *for* Richard

P. Donoghue, United States Attorney for the Eastern District of New York, Brooklyn, New York.

FOR DEFENDANT-APPELLANT: EDWARD S. ZAS, Federal Defenders of New York, Inc., Appeals Bureau, New York, New York.

Appeal from the United States District Court for the Eastern District of New York (Vitaliano, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Jalisa Moore appeals from the August 15, 2018, judgment of the district court convicting her, following a jury trial, of importing cocaine into the United States in violation of 21 U.S.C. §§ 952(a) and 960(b)(3) and possession of cocaine with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(C). The district court sentenced Moore principally to 24 months' imprisonment. Moore argues that the district court committed reversible error by keeping from the jury admissible evidence that would have supported her contention that, because of her low intelligence and serious cognitive impairments, she did not know, and did not consciously avoid knowing, that she possessed a controlled substance. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

Moore was arrested at John F. Kennedy Airport ("JFK") on October 8, 2016, upon her arrival from Georgetown, Guyana. During an enforcement examination,

Customs and Border Protection ("CBP") agents discovered approximately 1.5 kilograms of cocaine hidden inside the bottom lining of her suitcase. In a post-arrest statement, Moore first said that a "friend" had given her the suitcase containing the drugs, but later stated that it had in fact come from her cousin, Jaclyn Caines. App'x at 98. Though Moore admitted she was aware that Caines sold drugs in Guyana, she denied knowing that the carry-on bag contained drugs. When asked about Caines' last trip to the United States, Moore appeared confused, initially saying that Caines had last traveled to the United States in November 2016 even though the interrogation was taking place in October 2016.

At trial, Moore sought to establish that she suffers from borderline intellectual functioning and therefore did not know that her suitcase contained drugs. The government indicated that it would offer portions of Moore's statement admitting that she knew Caines was a drug dealer as an opposing party statement. Moore, in turn, moved *in limine* to introduce the following: (1) the entirety of her post-arrest statement under Federal Rule of Evidence 106 to explain the portions of the interview the government sought to introduce; (2) portions of her post-arrest statement as relevant to voluntariness under 18 U.S.C. § 3501; and (3) the testimony of two lay witnesses as to her diminished adaptive functioning as a result of her cognitive deficits. The district court denied each request. Specifically, the court declined to admit the entire post-arrest statement on the grounds that it was not required to be introduced to

comply with the rule of completeness. The district court did allow portions of the statement proposed by Moore, but excluded certain proposed excerpts and the lay witness testimony under Federal Rule of Evidence 403, finding that their probative value was outweighed by the risk of jury confusion and unfair prejudice to the government. The district court permitted Moore's expert to testify as to her intellectual impairment, but prohibited the expert from testifying as to Moore's mental capacity to form criminal intent or her mental state at the time of her arrest and interrogation.

We review a district court's evidentiary rulings for abuse of discretion and will "disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous." *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (internal quotation marks omitted).

### I.     *Post-Arrest Statements*

Moore argues that the district court abused its discretion when it excluded certain excerpts from her post-arrest statement, namely her denials of knowledge of the drugs and her conversation regarding the timing of Caines' prior trip to New York. We disagree.

"If a party introduces all or part of a . . . statement, an adverse party may require the introduction, at the same time, of any other part . . . that in fairness ought to be considered at the same time." Fed. R. Evid. 106. The rule is intended to "prevent omissions that render matters in evidence misleading." *Williams*, 930 F.3d at 58.

(internal quotation marks omitted). Moreover, Federal Rule of Evidence 403 provides that "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." We will reverse a district court's conscientiously balanced Rule 403 decision "only if it is arbitrary or irrational." *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (internal quotation marks omitted).

Further, 18 U.S.C. § 3501(a) provides that the trial court, upon determining that a confession was made voluntarily, "shall permit the jury to hear relevant evidence on the issue of voluntariness and shall instruct the jury to give such weight to the confession as the jury feels it deserves under the circumstances." *See United States v. McLaughlin*, 253 F. App'x 110, 112 n.1 (2d Cir. 2007) (portion of § 3501(a) concerning jury consideration of confession presumed to be valid). Evidence surrounding the making of a confession bears on its voluntariness and may be germane to its probative weight. *See Crane v. Kentucky*, 476 U.S. 683, 688-89 (1986).

### A. *Completeness*

Rule 106 did not require admission of Moore's disavowals of knowledge, which were otherwise inadmissible hearsay under Rule 802, because they were not necessary to explain Moore's statements that she received the suitcase from a cousin whom she knew to be a drug dealer. *See United States v. Johnson*, 507 F.3d 793, 796 (2d Cir. 2007) (holding that the district court's decision to omit statements that were neither

explanatory of nor relevant to admitted statements was not error).  Moreover, the two excluded passages that Moore contends were necessary for completeness were neither clear nor particularly probative, and Moore successfully introduced large portions of the interrogation.  Accordingly, the district court did not abuse its discretion in precluding Moore's denial of knowledge.

### B.    *Voluntariness*

Likewise, Rule 403 did not require the admission of Moore's statements regarding when Caines last visited the United States.  The district court observed that any inference that a failure of comprehension at one point during the interview inherently afflicted statements made at other points in the interview rested on "the sheerest of speculation" and so had minimal probative value as to the question of voluntariness.  App'x at 81.  Moreover, the district court found that the statement would be highly prejudicial, as the government would have no opportunity to question Moore as to her comprehension when she waived her *Miranda* rights and made the statements.  The district court's application of the Rule 403 balancing test was thus neither arbitrary nor irrational.  Accordingly, we find no abuse of discretion in the district court's decision to exclude the excerpted statements.

### II.    *Lay Witness Testimony*

Moore contends that the district court abused its discretion by excluding the testimony of two lay witnesses who would have provided evidence related to

Moore's adaptive deficits -- specifically, Moore's struggles at school and work. We disagree.

Though Moore retained an expert to evaluate whether she experienced intellectual impairment, she did not make the proposed lay witnesses available to this expert. Accordingly, even though Moore conceded that the lay witness testimony was relevant only insofar as it could have supported an expert witness's diagnosis of Moore as intellectually disabled, she nevertheless proposed that the jury be permitted to determine whether the lay testimony supported a potential diagnosis. The district court found that evaluating such evidence was within the purview of experts and "beyond the ken of the average person." App'x at 136. Untethered from expert testimony, the court found that the probative value of the lay testimony was outweighed by the possibility of juror confusion. The district court's application of Rule 403 was thus neither arbitrary nor irrational and, accordingly, we conclude that the district court did not abuse its discretion by excluding the lay witness testimony.

III.    *Harmless Error*

Even assuming the district court erred in failing to admit Moore's post-arrest denials of knowledge, the post-arrest exchange regarding the calendar, and the lay-witness testimony, the errors were harmless. "Under harmless error review, we ask whether we can 'conclude with fair assurance' that the errors 'did not substantially influence the jury.'" *United States v. Oluwanisola*, 605 F.3d 124, 133-34 (2d Cir. 2010)

(citation omitted).  We consider the following factors when assessing the importance of

improperly excluded evidence:

> (1) the importance of unrebutted assertions to the
> government's case; (2) whether the excluded material was
> cumulative; (3) the presence or absence of evidence
> corroborating or contradicting the government's case on the
> factual questions at issue; (4) the extent to which the
> defendant was otherwise permitted to advance the defense;
> and (5) the overall strength of the prosecution's case.

*Id.*  "We have repeatedly held that the strength of the government's case is the most

critical factor in assessing whether error was harmless."  *United States v. McCallum*, 584

F.3d 471, 478 (2d Cir. 2009).

Here, the government's case was quite strong.  Moore bought a plane

ticket with cash, and then carried aboard a bag containing some $50,000 worth of

cocaine given to her by her cousin whom she knew to be a drug dealer.  Moore behaved

suspiciously during secondary inspection at JFK, and the agent searching her carry-on

bag observed that the bag was heavier and the bottom of the bag thicker than one

would expect.  Further inspection of the carry-on revealed approximately 3.33 pounds

of cocaine concealed under its bottom lining.  During interrogation, Moore gave

conflicting answers about who had given her the carry-on bag.  All of this evidence

showed, at a minimum, consciousness of guilt.  Finally, though Moore's explicit denial

of knowledge was excluded, she was able to argue to the jury that she never admitted

knowledge of the cocaine.  Moreover, Moore was able to present her defense of cognitive impairments through her expert witness.

*  *  *

We have considered Moore's remaining arguments and conclude they are without merit.  Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk