23-6199-cr
United States v. Chen

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 30th day of December, two thousand twenty-four.

PRESENT:  PIERRE N. LEVAL,
               RAYMOND J. LOHIER, JR.,
               RICHARD J. SULLIVAN,
                  *Circuit Judges*.

-------------------------------------------------------------------

UNITED STATES OF AMERICA,

      *Appellee*,

    v.                                        No. 23-6199-cr

CHAOLONG CHEN, AKA ZIYUAN ZHANG,

      *Defendant-Appellant*.

-------------------------------------------------------------------

FOR DEFENDANT-APPELLANT:   COLLEEN P. CASSIDY, Federal
Defenders of New York, Inc.,
New York, NY

FOR APPELLEE:   LORENA MICHELEN, Assistant
United States Attorney (David
C. James, Assistant United
States Attorney, *on the brief*), *for*
Breon Peace, United States
Attorney for the Eastern
District of New York,
Brooklyn, NY

Appeal from a judgment of the United States District Court for the Eastern District of New York (Carol Bagley Amon, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Defendant-Appellant Chaolong Chen appeals from a judgment of the United States District Court for the Eastern District of New York (Amon, *J.*), convicting him, after a jury trial, of one count of possessing counterfeit postal keys in violation of 18 U.S.C. § 1704. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

The sole issue on appeal is whether the District Court improperly admitted the testimony of United States Postal Inspector Michael Segnan as lay opinion

2

under Federal Rule of Evidence 701. At trial, Segnan was shown a photograph of keys recovered either from Chen or near where he was arrested. Segnan testified that "[t]hose are counterfeit keys, counterfeit postal arrow keys." App'x 121. Segnan explained that he reached his conclusion based at least in part on his experience investigating counterfeit keys. Chen contends that this was in fact expert testimony, not lay testimony, and that Segnan was neither noticed nor qualified as an expert as required by Federal Rule of Evidence 702 and Federal Rule of Criminal Procedure 16.

We need not resolve Chen's challenge because, even assuming the District Court erred in admitting the challenged testimony, any such error was harmless. "A district court's erroneous admission of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Flores*, 945 F.3d 687, 704 (2d Cir. 2019) (quotation marks omitted). That is, the evidence was "unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Ho*, 984 F.3d 191, 207 (2d Cir. 2020) (quotation marks omitted).

In reviewing for harmless error, we consider: "(1) the overall strength of the prosecution's case; (2) the prosecutor's conduct with respect to the improperly admitted evidence; (3) the importance of the wrongly admitted [evidence]; and (4) whether such evidence was cumulative of other properly admitted evidence." *United States v. McCallum*, 584 F.3d 471, 478 (2d Cir. 2009) (quotation marks omitted).

Here, the prosecution's case was strong, and Inspector Segnan's challenged testimony was cumulative of other properly admitted evidence. Independent of the challenged statement, the trial evidence — including the testimony of victims, law enforcement officials, and other witnesses, as well as additional testimony of Inspector Segnan without objection — powerfully supported the jury's finding that Chen knowingly possessed a counterfeit postal arrow key.

The following evidence in particular supported Chen's conviction.

First, Inspector Segnan testified that he and another postal inspector tested three of the recovered keys. They tested the key found in Chen's pocket on both a new handheld United States Postal Service ("USPS") arrow lock and an older arrow lock. This key fit inside and was able to twist both arrow locks without

4

fully unlocking them.[1]  The inspectors also tested two of the keys found beside Chen on the same locks.[2]  They both fit and twisted the new handheld USPS arrow lock and were able to completely unlock the older arrow lock.  These tests constitute strong independent evidence that Chen possessed postal arrow keys. Chen did not challenge this part of Segnan's testimony or the video of a test that the Government played for the jury.

Second, Robert Dalton, Jr. — an engineering manager employed by the exclusive manufacturer of postal arrow keys — testified about the physical components of an arrow key.  He explained that the "bittings" of an arrow key determine whether the key can open an arrow lock and that official arrow keys must be "stamped" with a "code" and must have a unique "serial number." App'x 154–57.  The arrow keys that Chen possessed had "bittings" patterns similar to that of an official arrow key, but lacked any identifying markings or serial numbers.  App'x 272, 276.  As Segnan's testimony showed that at least two

---

[1] Segnan testified that he did not apply as much force as he could have to open the locks because he did not want the keys to break.

[2] While no witness testified to having observed Chen in physical possession of the ring of keys that was found by police on the ground, the jury was entitled to draw the obvious inference that these keys, which were within easy reach of Chen, also belonged to Chen.

of the keys were postal arrow keys in that they opened postal arrow locks, Dalton's testimony established that those keys were counterfeit in that they did not bear markings that are stamped on all genuine postal arrow keys.

Third, the Government also presented strong evidence that Chen knowingly possessed the keys and intended to use them to steal mail. He was arrested after he was seen going through an apartment building's mailboxes and removing an envelope. While there was no direct evidence of Chen's use of the arrow keys to steal mail, other evidence strongly supported his knowing possession of the keys for that purpose, including his possession of a credit card in someone else's name at the time of his arrest and a prior arrest for removing mail from other people's mailboxes in 2021.

In sum, the trial evidence overwhelmingly established that Chen possessed at least one counterfeit postal arrow key in violation of 18 U.S.C. § 1704. The challenged testimony thus had no substantial effect on the jury's verdict. *See United States v. Garcia*, 413 F.3d 201, 218–19 (2d Cir. 2005) (erroneous admission of case agent's testimony was harmless error where "the admissible evidence of [the defendant's] guilt was overwhelming").

6

We have considered Chen's remaining arguments and conclude that they are without merit.  For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court
