23-7200-cr
*United States v. Edwards*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 3rd day of January, two thousand twenty-five.

Present:
> MICHAEL H. PARK,
> STEVEN J. MENASHI,
> MARIA ARAÚJO KAHN,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                23-7200-cr

KEVIN EDWARDS,

> *Defendant-Appellant.**

---

| | |
|---|---|
| FOR APPELLEE: | ADAM AMIR, Amy Busa, Lauren A. Bowman, Assistant United States Attorneys, *for* Breon Peace, United States Attorney for the Eastern District of New York, Brooklyn, NY. |
| FOR DEFENDANT-APPELLANT: | DANA GOLDBLATT, Law Office of Dana Goldblatt, Northampton, MA. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Korman, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**. Appellant's motion to strike is **DENIED**, and Appellee's motion to supplement the record is **GRANTED**.

On April 21, 2023, a jury found Kevin Edwards guilty of being a felon in possession of ammunition, in violation of 18 U.S.C. § 922(g)(1). Surveillance footage shows the driver of a car park, exit, and shoot Dontae Hambrick multiple times. The car belonged to Edwards. Hambrick succumbed to his injuries at the hospital later that day.

At trial, the district court admitted testimony from Hambrick's girlfriend—Iliany Baez—and a detective identifying Edwards as the man shooting in the footage. Edwards did not object to these identifications. But the defense did object to Baez's testimony that she recognized Edwards from a drug deal with Hambrick. The district court overruled that objection. On cross-examination, the defense challenged Baez's testimony about the narcotics trafficking. The district court then permitted the government to present video evidence of Edwards handling narcotics to corroborate Baez's testimony about Edwards's relationship with Hambrick and to offer a potential motive for the shooting. Edwards appealed, arguing that the district court erred in admitting the narcotics evidence and allowing the witnesses to identify him in the surveillance footage. We assume the parties' familiarity with the remaining underlying facts, procedural history of the case, and issues on appeal.

"We review a district court's evidentiary rulings under a deferential abuse of discretion standard and will disturb its rulings only where the decision to admit or exclude evidence was

manifestly erroneous." *United States v. Skelos*, 988 F.3d 645, 662 (2d Cir. 2021) (quotation marks omitted). But "if a defendant fails to make a sufficient objection in the district court, the evidentiary claim is reviewed on appeal under the plain error standard." *United States v. Simels*, 654 F.3d 161, 168 (2d Cir. 2011).

## I.  Narcotics Evidence

### A.  Rule 404(b)

Rule 404(b)(2) permits courts to admit evidence of other crimes, wrongs, or acts for non-propensity purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "We evaluate Rule 404(b) under an inclusionary approach, and prior bad acts may be admitted for any purpose other than to show a defendant's criminal propensity." *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020) (quotation marks omitted). "When reviewing the admission of evidence pursuant to Rule 404(b), we consider whether (1) the . . . evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) the court administered an appropriate limiting instruction." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (quotation marks omitted).

Edwards argues that the narcotics evidence violated Rule 404(b)'s propensity bar because it invited the jury "to infer that the Defendant, having acted in the character of a drug dealer on previous occasions, was more likely to be disputatious and violent on the occasion of the charged shooting." Appellant's Br. at 20. Edwards further contends that the admitted narcotics evidence was not relevant to a disputed issue. But Edwards is mistaken on both points.

3

First, the narcotics evidence "was offered for a proper purpose." *McCallum*, 584 F.3d at 475 (quotation marks omitted). The district court admitted Baez's testimony about recognizing Edwards from his drug dealings because the government was "entitled to show the relationship of the people . . . and also to suggest what a possible motive is." App'x at 90. After the defense impeached Baez's testimony on cross-examination, the district court allowed the government to introduce a video showing Edwards with narcotics and drug paraphernalia to corroborate her testimony that Edwards and Hambrick "were in the drug business and to argue that this possible motive or reasonable motive could have been a dispute over drugs." *Id.* at 174. Under this Court's "inclusionary approach" to Rule 404(b), those are legitimate non-propensity purposes for the narcotics evidence. *See Rosemond*, 958 F.3d at 125.

Second, the narcotics evidence was "relevant to a disputed issue." *McCallum*, 584 F.3d at 475. Edwards argued at trial that the shooting was "a motiveless crime." App'x at 90. He also cast doubt on Baez's testimony about her meeting with Edwards. *See id.* at 98-101. The narcotics evidence went to both of these disputed issues because Baez's testimony offered a potential motive for Edwards to shoot Hambrick and the video corroborated Baez's testimony and bolstered that motive argument.

B.     Rule 403

Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." Evidence admitted under Rule 404(b) must survive Rule 403 analysis. *McCallum*, 584 F.3d at 475. "The evidence's probative value depends largely on whether or not there is a

4

close parallel between the crime charged and the acts shown. . . . The district court abuses its discretion when it admits 'other act' evidence with a high possibility of jury misuse but with only slightly more probative value than other evidence on the same issue." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (cleaned up). "District courts have broad discretion to balance probative value against possible prejudice, and we will not disturb that balancing unless there is a clear showing of abuse of discretion or that the decision was arbitrary or irrational." *United States v. Bermudez*, 529 F.3d 158, 161-62 (2d Cir. 2008) (cleaned up).

Edwards argues that the district court erred in admitting any evidence of his alleged drug trafficking because such evidence was highly prejudicial. He claims primarily that a "history of drug trafficking is much more prejudicial than a charge of possessing a firearm (or ammunition)." Appellant's Br. at 24. Edwards contends that we should weigh the prejudicial effect of the narcotics evidence against "the crime as it is described and charged in the indictment"—not the "range of conduct that the government offers at trial." *Id.* at 22. We disagree.

First, our precedents do not draw such a formalistic distinction between crimes as charged and conduct offered to prove those crimes. Edwards points to no binding authority distinguishing the legal elements of a charged offense from the conduct offered to prove those elements in Rule 403 balancing. Nor would such a rule make sense. In Edwards's case, the jury was already exposed to evidence that he shot and killed Hambrick to prove that he possessed ammunition as a felon. Evidence of his potential drug-related motive for that shooting is highly probative and hardly more prejudicial than evidence of the shooting itself. Edwards's approach would also require trial judges to blind themselves to the realities of the trial. But we defer to district-court judges' prejudice determinations precisely because they are in a "superior position to evaluate the

5

likely impact of the evidence" on jurors in light of all of the evidence before them. *Li v. Canarozzi*, 142 F.3d 83, 88 (2d Cir. 1998).

Second, even if we were to accept Edwards's crime/conduct distinction, the narcotics evidence was not unduly prejudicial. We have upheld the use of narcotics evidence in § 922(g)(1) prosecutions because such evidence can be "highly probative" when offered to bolster the credibility of a witness's account of the illegal firearm possession. *Bermudez*, 529 F.3d at 163. Any potential prejudicial effect of that evidence was "minimized by the district court's two detailed limiting instructions." *Id.* As in *Bermudez*, the district court here found Baez's testimony probative of "the nature of the relationship of the parties." App'x at 90; *see also id.* at 174 (admitting the narcotics video because "the Government is entitled to show that [Edwards and Hambrick] were in the drug business and to argue that this possible motive or reasonable motive could have been a dispute over drugs"). The district court further addressed any potential prejudicial effect of this evidence with a detailed limiting instruction. *See id.* at 246. "Any argument that these instructions were insufficient to eradicate the [evidence's] prejudicial effect fails because absent evidence to the contrary, we must presume that juries understand and abide by a district court's limiting instructions." *Bermudez*, 529 F.3d at 163 (cleaned up).

We thus conclude that the district court did not abuse its "broad discretion to balance probative value against possible prejudice," *id.* at 161, in admitting evidence of Edwards's narcotics trafficking. This analysis also clarifies that the narcotics evidence satisfied the second and third prongs of our Rule 404(b) test. *See McCallum*, 584 F.3d at 475.

C.      Notice

Rule 404(b)(3) provides that, to admit prior-acts evidence in a criminal case, "the prosecutor must: (A) provide reasonable notice of any such evidence that the prosecutor intends to offer at trial, so that the defendant has a fair opportunity to meet it; (B) articulate in the notice the permitted purpose for which the prosecutor intends to offer the evidence and the reasoning that supports the purpose; and (C) do so in writing before trial—or in any form during trial if the court, for good cause, excuses lack of pretrial notice."   Edwards argues that the "government should have been precluded from offering any evidence of drug trafficking or drug involvement because the government did not give notice of intent to do so."   We disagree.

First, the government had good cause for any lack of pretrial notice as to the narcotics video.   The government had no need to introduce the video until Edwards attacked Baez's testimony about his relationship with Hambrick on cross-examination.   Edwards also had actual notice of the narcotics video.   The government had already moved to introduce several videos that showed Edwards with guns, ammunition, and narcotics to prove his possession of ammunition. App'x at 28-29.   Edwards thus knew the full content of the videos—and indeed objected to them as "highly prejudicial to the extent that it will be perceived as evidence of the Defendant's propensity to commit gun and drug crimes"—well before the trial.   *See* Gov't App'x at 32.

Second, Edwards had actual notice of Baez's drug testimony.   The government's pretrial Jencks disclosures of Baez's statements to the NYPD and FBI made clear that the drug deal was central to her testimony.   *See* Gov't App'x at 3-9, 12-13.   So the defense should not have been "blindsided" when Baez spoke to the circumstances of her encounter with Edwards.   *Cf.* Appellant's Br. at 18, 26.

7

In any event, even if Baez's drug testimony had been introduced without the requisite written notice, any such error would be harmless because Edwards identifies no injury from the lack of advance written notice about Baez's testimony. He claims that an "experienced attorney with reasonable time to prepare would identify hearsay, request voir dire, and avoid opening the door to any additional inculpatory evidence." But those theoretical arguments are insufficient on harmless-error review. "For an error to be deemed harmless, we are not required to conclude that the evidence could not have had any effect whatever; the error is harmless if we can conclude that the evidence was unimportant in relation to everything else the jury considered on the issue in question, as revealed in the record." *United States v. Atilla*, 966 F.3d 118, 131 (2d Cir. 2020) (cleaned up). Here, ample evidence connected Edwards to the crime, including video surveillance of his car and a man who resembles him at the scene shooting a gun of the caliber he was proven to possess. We thus conclude that any issue as to notice about Baez's drug testimony "was unimportant in relation to everything else the jury considered." *Id.*

## II. Witness Identifications

Lay opinion testimony is admissible under Rule 701 if it is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." "Where the jury is in as good a position as the witness to draw the inference to which the opinion relates, the opinion is not helpful and should not be admitted. On the other hand, where an opinion is the result of factors not otherwise possessed by

8

or communicated to the jury, lay opinion testimony is likely to be helpful." *United States v. Walker*, 974 F.3d 193, 205 (2d Cir. 2020) (cleaned up).

Edwards argues that testimony identifying him in the shooting footage violated Rule 701 because it "invaded the province of the jury." He is mistaken. The district court allowed Baez and Daniel Gukelberger, a detective who observed Edwards for over twelve years, to identify Edwards as the shooter in the footage. The video footage does not show the shooter's facial features in detail. But Baez and Gukelberger identified Edwards from their first-hand familiarity with his mouth, teeth, black street clothes, height, build, and gait. Such observations were not fully accessible to the jury, which saw Edwards only in a suit and glasses. This identification testimony thus "was likely to be helpful to the jury." *Walker*, 974 F.3d at 205. In *Walker*, we allowed a probation officer to identify a defendant in surveillance footage because, although the jury could observe the defendant and the footage on their own, the probation officer "had spent many hours with [the defendant] leading up to the time of the robbery and had the opportunity to observe physical traits such as his gait, which were on display in the surveillance video but not at trial." *Id.* The same is true of Baez's and Gukelberger's identification testimony. We thus hold that the identification testimony was properly admitted under Rule 701.[1]

## III. Motion To Strike

Finally, on October 22, 2024, Edwards moved to strike documents in the government's appellate appendix as outside the record. The relevant pages contain Baez's statements to the

---

[1] Edwards concedes that he failed to challenge the identification testimony below, so plain-error review applies. *See* Appellant's Br. at 29. "On plain error review, we consider whether (1) there is an error; (2) the error is clear or obvious, rather than subject to reasonable dispute; (3) the error affected the appellant's substantial rights; and (4) the error seriously affects the fairness, integrity or public reputation

NYPD and FBI, which were disclosed to the defense pursuant to the Jencks Act, 18 U.S.C. § 3500. *See* Gov't App'x at 3-9, 12-13. Baez's pretrial statements, as reproduced in the contested documents, are material to an issue on appeal because Edwards claims that he was "blindsided" by Baez's testimony about the narcotics trafficking. *See* Appellant's Br. at 18, 26. The government cites the erroneously omitted Jencks material to prove that Edwards had prior notice of Baez's statements about his drug dealing. *See* Appellee's Br. at 35-36. As in prior cases involving omitted Jencks material on appeal, "[w]e see no justification in this case for ignoring these materials which bear heavily on the merits of appellant's claim." *United States v. Aulet*, 618 F.2d 182, 187 (2d Cir. 1980). Accordingly, we deny Edwards's motion to strike and grant the government's October 31, 2024 motion to supplement the record pursuant to Fed. R. App. P. 10(e)(2)(C).

\* \* \*

We have considered the remainder of Edwards's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court, **DENY** Appellant's motion to strike, and **GRANT** Appellee's motion to supplement the record.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

of judicial proceedings." *Walker*, 974 F.3d at 202 (quotation marks omitted). Even if the district court had erred in permitting the identification testimony, such error was not "clear or obvious" given our decision in *Walker*, 974 F.3d at 205-06.

10