19-3948
*United States v. Bayon*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5th day of January, two thousand twenty-one.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge,*
> GERARD E. LYNCH,
> JOSEPH F. BIANCO,
> *Circuit Judges.*

_____

UNITED STATES OF AMERICA,

> *Appellee,*

v.                                                                    19-3948

CARLOS BAYON,

> *Defendant-Appellant.*

_____

For Defendant-Appellant:          JAMESA J. DRAKE, Drake Law LLC, Auburn, ME.

For Appellee:                     KATHERINE A. GREGORY, Assistant United States Attorney, *for* James P. Kennedy, Jr., United States Attorney, Western District of New York, Buffalo, NY.

1

Appeal from a judgment of the United States District Court for the Western District of New York (Geraci, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Carlos Bayon ("Bayon") appeals from his conviction in the United States District Court for the Western District of New York (Geraci, *J.*) entered on December 2, 2019, after a jury found Bayon guilty of two counts of retaliating against a federal official in violation of 18 U.S.C. § 115(a)(1), and two counts of threat by interstate commerce in violation of 18 U.S.C. § 875(c). Bayon was charged with leaving threatening voicemails at the offices of two members of the U.S. Congress. The district court sentenced Bayon to concurrent sixty-month terms of imprisonment to be followed by a one-year term of supervised release. On appeal, Bayon argues that the district court abused its discretion in admitting nineteen books discovered in his apartment on topics such as bomb-making, explosives, and circumventing security alarms. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review evidentiary rulings for abuse of discretion." *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009). An "[a]buse of discretion occurs when the court acts in 'an arbitrary and irrational manner.'" *United States v. McCallum*, 584 F.3d 471, 474 (2d Cir. 2009) (quoting *United States v. Lombardozzi*, 491 F.3d 61, 78-79 (2d Cir. 2007)); *accord United States v. Paulino*, 445 F.3d 211, 217 (2d Cir. 2006). A district court's decision to admit evidence, moreover, is subject to harmless error analysis. *See* Fed. R. Crim. P. 52(a); *United States v. Madori*, 419 F.3d 159, 168 (2d Cir. 2005).

"Evidence is relevant if 'it has any tendency to make a fact more or less probable than it would be without the evidence' and if 'the fact is of consequence in determining the action.'"

2

*United States v. Monsalvatge*, 850 F.3d 483, 494 (2d Cir. 2017) (quoting Fed. R. Evid. 401). "A district court 'may exclude relevant evidence if its probative value is substantially outweighed by a danger of [unfair prejudice].'" *Id.* (citing Fed. R. Evid. 403). In reviewing a district court's evidentiary decision, we are "mindful of [the district court's] superior position to assess relevancy and to weigh the probative value of evidence against its potential for unfair prejudice." *United States v. Abu-Jihaad*, 630 F.3d 102, 131 (2d Cir. 2010).

In this case, Bayon was charged with two counts of retaliating against a federal official under 18 U.S.C. § 115(a)(1)(B), which makes it a criminal offense to "threaten[] to assault, kidnap, or murder, a United States official . . . with intent to impede, intimidate, or interfere with such official . . . or with intent to retaliate against such official" in relation to his public duties. He was also charged with two counts under 18 U.S.C. § 875(c), which criminalizes the "transmi[ssion] in interstate or foreign commerce [of] any communication containing any threat to kidnap any person or any threat to injure the person of another." *See also Elonis v. United States*, 135 S. Ct. 2001, 2012 (2015) (interpreting § 875(c) as requiring the government to prove that the defendant had the mental state of "transmit[ting] a communication for the purpose of issuing a threat, or with knowledge that the communication will be viewed as a threat"); *United States v. Kirsch*, 903 F.3d 213, 232 (2d Cir. 2018).

The district court did not abuse its discretion in determining that the books found in Bayon's apartment were relevant to proving these charges. *See United States v. Schultz*, 333 F.3d 393, 416 (2d Cir. 2003) (noting that "[d]eterminations of relevance are entrusted to the sound discretion of the trial judge" (internal quotation marks omitted)). The books, in combination with other evidence, tended to make more probable the factual inference that Bayon intended to intimidate the members of the U.S. Congress whose offices he contacted. In particular, the jury

3

could have reasonably inferred from Bayon's possession of the books that he intended to make a genuine threat because he had collected the means and know-how to follow through on that threat. The books were also relevant to disproving Bayon's contention that he did not intend to make a threat but merely chose his words poorly while attempting to convey his political views.

Bayon argues that, in any event, the books should not have been introduced because the danger of unfair prejudice resulting from admitting the books outweighed their probative value. We disagree. Evidence is unfairly prejudicial when "it tends to have some adverse effect upon a defendant beyond tending to prove the fact or issue that justified its admission into evidence." *United States v. Massino*, 546 F.3d 123, 132 (2d Cir. 2008) (quoting *United States v. Figueroa*, 618 F.3d 934, 943 (2d Cir. 1980)). "[I]n reviewing a district court's Rule 403 ruling, we 'generally maximize the evidence's probative value and minimize its prejudicial value.'" *Monsalvatge*, 850 F.3d at 494 (quoting *United States v. LaFlam*, 369 F.3d 153, 155 (2d Cir 2004) (per curiam) (alterations omitted)).

In this case, the books were significantly probative of Bayon's intent. All of the books related to methods by which Bayon may have sought to harm the recipients of his voicemail messages and thus make good on his threats. At least one of the books also recommended certain bomb-making supplies that Bayon obtained and kept in a storage unit. While the introduction of the books was not without some risk of prejudice, the books did not have the sort of "'strong emotional or inflammatory impact' that would 'pose a risk of unfair prejudice'" by "'distract[ing] the jury from the issues in the case'" and "'arous[ing] the jury's passions to a point where they would act irrationally in reaching a verdict.'" *Monsalvatge*, 850 F.3d at 495 (quoting *United States v. Robinson*, 560 F.2d 507, 514 (2d Cir. 1977)). Bayon contends that the books were prejudicial because they invited a jury improperly to infer that Bayon had a propensity for criminal

4

activity. However, the district court considered this risk and weighed it against the probative value of the evidence before admitting it.[1] *See United States v. Awadallah*, 436 F.3d 125, 131 (2d Cir. 2006) ("Under Rule 403, so long as the district court has conscientiously balanced the proffered evidence's probative value with the risk for prejudice, its conclusion will be disturbed only if it is arbitrary or irrational."). Even if, as the district court noted, some of the books may have been less probative of Bayon's intent, the potential for prejudice resulting from admitting those books was limited in light of the other evidence, which included bomb-making materials, a rifle, ammunition, and books on explosives and terrorism—all of which had been found in Bayon's possession. Against this background it is difficult to see how the challenged books would have "unfairly . . . excite[d] emotions against the defendant," *Massino*, 546 F.3d at 133 (internal quotation marks omitted), and how that risk outweighed their probative value.

Nonetheless, even if we were to accept Bayon's position that the admission of some of the books was prejudicial, any error in admitting them was harmless. "A district court's erroneous

---

[1] On appeal, Bayon also challenges the admission of the books with reference to Rule 404(b)(1), which prohibits admission of "[e]vidence of any other crime, wrong, or act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1); *see also Huddleston v. United States*, 485 U.S. 681, 685 (1988). Assuming, *arguendo*, that Bayon's possession of the books is properly challenged as "other act" evidence, this argument, too, is unavailing. This Circuit follows the "inclusionary approach" to Rule 404(b) and admits all "other act" evidence that does not "serve the sole purpose of showing the defendant's bad character and that is neither overly prejudicial under Rule 403 nor irrelevant under Rule 402." *United States v. Curley*, 639 F.3d 50, 56 (2d Cir. 2011) (internal quotation marks omitted). As discussed herein, the challenged evidence was relevant to Bayon's intent in leaving the voicemail messages and was not unduly prejudicial. *See United States v. Brand*, 467 F.3d 179, 196 (2d Cir. 2006) (noting that the district court "is in the best position to evaluate the evidence and its effect on the jury," and that a district court's admissibility ruling under Rule 404(b) will not be overturned "absent a clear showing of abuse of discretion" (quoting *United States v. Pitre*, 960 F.2d 1112, 1119 (2d Cir. 1992))). Accordingly, Bayon's Rule 404(b) argument is without merit.

5

admission of evidence is harmless if the appellate court can conclude with fair assurance that the evidence did not substantially influence the jury." *United States v. Al-Moayad*, 545 F.3d 139, 164 (2d Cir. 2008) (internal quotation marks omitted). Here, in addition to the books, the government's evidence of Bayon's intent consisted of Bayon's tone of voice on the recorded communications, the fact that he left nearly the exact same message on two different voicemails, Bayon's choice of language for the voicemail messages, as well as the bomb-making materials, rifle, and ammunition. By contrast, Bayon did not introduce any evidence in support of his own theory of the case. Because the government's case against Bayon was overwhelming, the introduction of the book evidence was not at all likely to have "substantially swayed" the jury. *United States v. Kaplan*, 490 F.3d 110, 123 (2d Cir. 2007) (internal quotation marks omitted). Accordingly, we have no doubt that any error resulting from admitting the evidence was harmless.

\*     \*     \*

We have considered Bayon's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk