22-623-cr
United States v. Ansah

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

**SUMMARY ORDER**

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of November, two thousand twenty-three.

PRESENT: RAYMOND J. LOHIER, JR.,
WILLIAM J. NARDINI,
BETH ROBINSON,
*Circuit Judges*.

------------------------------------------------------------------

UNITED STATES OF AMERICA,

*Appellee*,

v.                                                                       No. 22-623-cr

CHRISTOPHER ANSAH, aka Sealed Defendant 1,

*Defendant-Appellant*.

------------------------------------------------------------------

FOR DEFENDANT-APPELLANT: Randall D. Unger, Kew Gardens, NY

FOR APPELLEE: Ashley C. Nicolas, Matthew R. Shahabian, David Abramowicz, Assistant United States Attorneys, *for* Damian Williams, United States Attorney for the Southern District of New York, New York, NY

Appeal from a judgment of the United States District Court for the Southern District of New York (Jesse M. Furman, *Judge*).

UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the judgment of the District Court is AFFIRMED.

Christopher Ansah appeals from a judgment of conviction entered on March 22, 2022 by the United States District Court for the Southern District of New York (Furman, *J.*).  After trial, a jury found Ansah guilty of five counts associated with the export, transport, and possession of stolen motor vehicles. We assume the parties' familiarity with the underlying facts and the record of prior proceedings, to which we refer only as necessary to explain our decision to affirm.

Ansah challenges two evidentiary rulings of the District Court.  First, he

2

argues that the District Court erred by permitting a police detective involved in Ansah's investigation to testify as both an expert and fact witness in the case. Second, he argues that the District Court abused its discretion by admitting evidence of Ansah's January 2017 arrest for possession of a stolen vehicle.

"We review evidentiary rulings for abuse of discretion," *United States v. Mercado*, 573 F.3d 138, 141 (2d Cir. 2009), and we will "disturb an evidentiary ruling only where the decision to admit or exclude evidence was manifestly erroneous," *United States v. Williams*, 930 F.3d 44, 58 (2d Cir. 2019) (quotation marks omitted). "Even if a decision was manifestly erroneous, we will affirm if the error was harmless." *United States v. McPartland*, 81 F.4th 101, 114 (2d Cir. 2023) (quotation marks omitted). When deciding if an error was harmless, we consider factors such as the overall strength of the prosecution's case, the prosecution's conduct with respect to the admitted evidence, the importance of the wrongly admitted evidence, and whether such evidence was cumulative of other properly admitted evidence. *United States v. McCallum*, 584 F.3d 471, 478 (2d Cir. 2009).

## I.     Admission of Dual Expert-Fact Witness Testimony

At trial, Detective Steven Thau testified for the Government both as an

expert witness in stolen car export rings and as a fact witness regarding his investigation of Ansah.   Ansah did not dispute that Thau was qualified to testify as an expert.   Instead, on appeal Ansah argues that allowing Thau to testify in both capacities was an abuse of discretion because Thau's expert opinion testimony improperly bolstered the credibility of his factual testimony before the jury.[1]

This Court has "decline[d] to prohibit categorically the use of case agents as experts."   *United States v. Dukagjini*, 326 F.3d 45, 56 (2d Cir. 2003).   When a case agent testifies as both a fact and an expert witness, however, district courts must mitigate the risk that the expert testimony bolsters the credibility of the case agent as a fact witness or complicates a juror's ability to "navigate the tangled thicket of expert and factual testimony from the single witness," *id.* at 54. District courts must also ensure that the agent is not permitted to make "sweeping conclusions about [a] defendant['s] activities" during expert

---

[1] On appeal, Ansah also argues that Thau's expert testimony should not have been admitted under Federal Rule of Evidence 702 because it was not necessary to help the jury to understand the "simple and straightforward" facts of the case.   Appellant's Br. at 19.   We are not persuaded.   Thau's testimony about the logistics and "operational methods" of stolen car export rings is "beyond the knowledge of the average citizen" and is thus a suitable subject of expert testimony.   *See United States v. Amuso*, 21 F.3d 1251, 1264 (2d Cir. 1994).

testimony.  *United States v. Meija*, 545 F.3d 179, 192 (2d Cir. 2008) (quotation marks omitted).

With this in mind, we conclude that the District Court exercised enough "vigilance to ensure that the witness's dual role [did] not impair the jury's ability [to] properly . . . evaluate credibility," *United States v. Barrow*, 400 F.3d 109, 124 (2d Cir. 2005), and that there remained a "line between . . . opinion and fact witness testimony," *United States v. Feliciano*, 223 F.3d 102, 121 (2d Cir. 2000).   It did so by giving a limiting jury instruction before Thau's testimony that explained the difference between expert opinion and fact testimony, and by requiring the Government to distinguish for the jury Thau's expert testimony from his testimony as a fact witness.  *See United States v. Snype*, 441 F.3d 119, 129–30 (2d Cir. 2006) (noting that "the law recognizes a strong presumption that juries follow limiting instructions").   Consistent with the District Court's limiting instruction, the Government turned to Thau's testimony as a fact witness immediately after Thau's expert testimony, and signaled that transition to the jury by stating: "[N]ow that we have spoken about stolen car export rings, generally I want to focus on the investigation that you conducted in this case." Trial Tr. 100, ECF No. 88.   Although the Government doubled back to ask Thau

one question that elicited some additional expert testimony, the District Judge mitigated the risk of unfair prejudice by issuing another timely and appropriate limiting instruction.

In his expert testimony, moreover, Thau did not make "sweeping conclusions" of the kind that we have found problematic. *See Mejia*, 545 F.3d at 192 (quotation marks omitted). And "defense counsel had the opportunity, which [counsel] seized, to explore on cross-examination the limitations of [Thau']s experience and his testimony, both as an expert and as a fact witness." *Feliciano*, 223 F.3d at 121.

Accordingly, we conclude that the District Court did not abuse its discretion in admitting Thau's testimony.

## II. Admission of 2017 Arrest Evidence

Ansah also challenges the District Court's decision to admit evidence of his January 2017 arrest for driving a stolen vehicle. The District Court found this arrest—which did not result in charges—admissible for the limited purpose of proving Ansah's knowledge and intent regarding the crimes for which he was tried. *See* Fed. R. Evid. 404(b)(2). Ansah contends that the conduct underlying the 2017 arrest was not similar enough to the charged conduct at issue in this

case to be admissible.  *See United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011).

He also argues that the evidence was unfairly prejudicial.  *See* Fed. R. Evid. 403.

We are not persuaded.  "Evidence of other acts need not be identical to the charged conduct to show knowledge or intent pursuant to Rule 404(b), so long as the evidence is relevant in that it provides a reasonable basis for inferring knowledge or intent."  *Cadet*, 664 F.3d at 32–33.  It was not an abuse of discretion for the District Court to admit evidence of Ansah's 2017 arrest for possession of a stolen vehicle to prove his knowledge, intent, and absence of mistake related to the crimes charged in this case.  *See United States v. DeFillipo*, 590 F.2d 1228, 1240 (2d Cir. 1979).  Nor is the conduct alleged in the 2017 arrest worse than the conduct for which Ansah was charged.  *See United States v. Roldan-Zapata*, 916 F.2d 795, 804 (2d Cir. 1990).  Finally, the District Court sought to minimize any potential unfair prejudice that might arise from the admission of the prior act evidence by providing a limiting instruction to the jury.  *Cadet*, 664 F.3d at 33.

In any event, even if admitting the prior act evidence was error, the error was harmless because the Government's case against Ansah was "indisputably strong," and the evidence of the 2017 arrest was "cumulative of other properly

7

admitted evidence." *McCallum*, 584 F.3d at 478 (quotation marks omitted).

## CONCLUSION

We have considered Ansah's remaining arguments and conclude that they are without merit. For the foregoing reasons, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court