23-7367-cr
*United States v. Felice*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

# SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 28th day of October, two thousand twenty-four.

Present:
> GERARD E. LYNCH,
> MICHAEL H. PARK,
> EUNICE C. LEE,
> *Circuit Judges.*

---

UNITED STATES OF AMERICA,

> *Appellee,*

> v.                                                                          23-7367-cr

NOAH FELICE,

> *Defendant-Appellant.*<sup>*</sup>

---

| | |
|---|---|
| FOR APPELLEE: | Thomas R. Sutcliffe, Assistant United States Attorney, *for* Carla B. Freedman, United States Attorney for the Northern District of New York, Syracuse, NY. |
| FOR DEFENDANT-APPELLANT: | Melissa Tuohey, Assistant Federal Public Defender, Office of the Federal Public Defender, Syracuse, NY. |

---

\* The Clerk of Court is respectfully directed to amend the caption accordingly.

Appeal from a judgment of the United States District Court for the Northern District of New York (Suddaby, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

On December 7, 2022, a jury found Noah Felice guilty of making false statements to the Federal Aviation Administration ("FAA"), in violation of 18 U.S.C. § 1001(a)(2). Felice submitted an FAA medical-certificate application indicating that he had no history of non-traffic convictions and was not receiving any medical-disability benefits. But Felice had at least four non-traffic misdemeanor convictions and was receiving disability benefits from the U.S. Department of Veterans Affairs at the time. The district court admitted records from Felice's prior convictions, including judgments and transcripts of plea colloquies, which the government used to argue during its case-in-chief that Felice knowingly and willfully made a false statement about his criminal record. Felice appealed, arguing that the district court erred in admitting those records under Federal Rules of Evidence 404(b) and 403.

"We review evidentiary rulings by the district court for abuse of discretion." *United States v. Lebedev*, 932 F.3d 40, 49 (2d Cir. 2019). We assume the parties' familiarity with the underlying facts, procedural history of the case, and issues on appeal.

I.     **Rule 404(b)**

Rule 404(b)(2) permits courts to admit character evidence for non-propensity purposes "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." "We evaluate Rule 404(b) under an inclusionary approach, and prior bad acts may be admitted for any purpose other than to show a defendant's criminal

propensity." *United States v. Rosemond*, 958 F.3d 111, 125 (2d Cir. 2020) (quotation marks omitted). "When reviewing the admission of evidence pursuant to Rule 404(b), we consider whether (1) the prior crimes evidence was offered for a proper purpose; (2) the evidence was relevant to a disputed issue; (3) the probative value of the evidence was substantially outweighed by its potential for unfair prejudice pursuant to Rule 403; and (4) the court administered an appropriate limiting instruction." *United States v. McCallum*, 584 F.3d 471, 475 (2d Cir. 2009) (citations and quotation marks omitted).

First, Felice argues that evidence from his prior convictions "could only have been used to demonstrate his propensity to knowingly mak[e] false statements" because he did not dispute the convictions. Appellant's Br. at 29. But the government introduced the records to prove that Felice *knowingly and willfully* lied about his prior convictions. The government argued that the context of these convictions—including two misdemeanors for false statements about his criminal history on New York and Pennsylvania firearms forms—proved Felice's knowledge, intent, and absence of mistake when completing the FAA application. Rule 404(b)(2) expressly permits other-crime evidence offered for such non-propensity purposes. Further, we have upheld the admission of prior false-statement convictions to prove a "requisite state of mind" when the defendant proffered an "innocent explanation" for a charged false statement. *See United States v. Inserra*, 34 F.3d 83, 89 (2d Cir. 1994). Felice raised such an explanation by arguing that he could have misunderstood the "unclear" prior-conviction question. *See* App'x at 526. We thus conclude that "the prior crimes evidence was offered for a proper purpose." *McCallum*, 584 F.3d at 475 (quotation marks omitted).

Second, Felice contends that the district court erred by admitting the records during the

3

government's case-in-chief, before it could determine the trial issues in dispute. "[A] defendant can take an issue, such as intent, out of a case by mak[ing] some statement to the court of sufficient clarity to indicate that the issue will not be disputed." *United States v. Tarricone*, 996 F.2d 1414, 1421 (2d Cir. 1993) (quotation marks omitted). Felice, however, insisted that the government "pro[ve] beyond a reasonable doubt . . . all elements of the offense." App'x at 119. Felice's offer to stipulate to the fact of his prior convictions—but not his mens rea—did nothing to "indicate that the [intent] issue will not be disputed." *Tarricone*, 996 F.2d at 1421. Felice's counsel also raised intent at trial by suggesting that Felice may have misunderstood the question in the context of a medical form. These arguments put the knowing-and-willful element in dispute. Thus, allowing the government to introduce the records for this non-propensity purpose during its case-in-chief was not an abuse of discretion.

## II. Rule 403

Rule 403 provides that a "court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." "The evidence's probative value depends largely on whether or not there is a close parallel between the crime charged and the acts shown. . . . The district court abuses its discretion when it admits 'other act' evidence with a high possibility of jury misuse but with only slightly more probative value than other evidence on the same issue." *United States v. Curley*, 639 F.3d 50, 57 (2d Cir. 2011) (citations and quotation marks omitted).

First, Felice claims that the district court did not properly weigh the prejudicial effect of the conviction records. He argues that the evidence "carried considerable prejudicial effect"

4

because "a jury would easily be tempted to conclude that because Felice engaged in conduct like the charged offense twice before that he was therefore guilty of the instant offense." Appellant's Br. at 30-31. But "[w]hen 'other act' evidence is offered to show knowledge or intent in particular . . . such evidence *must be sufficiently similar* to the conduct at issue to permit the jury to draw a reasonable inference of knowledge or intent from the other act." *United States v. Cadet*, 664 F.3d 27, 32 (2d Cir. 2011) (quotation marks omitted) (emphasis added). Here, the government offered evidence from the four misdemeanors to prove that Felice knew of his criminal history and the two false-statement convictions, in particular, to show his intent to lie about his criminal record, both of which were highly probative of the knowing-and-willful element of his Section 1001(a)(2) charge. It was not an abuse of discretion for the district court to determine that any prejudicial effect did not outweigh that high probative value of this evidence for proving a disputed element of the offense. Moreover, the district court gave three limiting instructions, which we presume the jury followed. *See United States v. Snype*, 441 F.3d 119, 129 (2d Cir. 2006).

Second, Felice argues that the district court violated *Old Chief v. United States*, 519 U.S. 172 (1997), when it rejected his offer to stipulate to his prior convictions. But the district court correctly concluded that "*Old Chief* . . . is clearly distinguishable." App'x at 7. *Old Chief* held that a district court erred in admitting evidence of a prior conviction because a proposed stipulation was "conclusive evidence of the element" of *felon status*. 519 U.S. at 186. But here, the government offered records from Felice's prior convictions to prove that he knowingly and willfully made a false statement about those convictions—as required for a conviction under Section 1001(a)(2). *Old Chief* plainly distinguished such non-propensity circumstances when it

stated that stipulations "would not deprive the prosecution of evidence with multiple utility" like proving intent because "Rule 404(b) guarantees the opportunity to seek its admission." *Id.* at 190.

Finally, Felice argues that the district court erred by rejecting his proposed redactions because "[t]he documents contained a plethora of information unrelated to the fact of Felice's prior convictions and the charged offense." Appellant's Br. at 49. The district court offered several reasons for rejecting Felice's motion, including that the redactions "would render the exhibits virtually incomprehensible and deprive them of much, if not all, of their probative value." App'x at 7. Indeed, Felice's extensive proposed redactions would have obscured much of the government's evidence, reducing some records to a few lines on the judgment of conviction. *See, e.g.*, *id.* at 175-76. The district court thus did not abuse its discretion by rejecting his proposed redactions.

\* \* \*

We have considered the remainder of Felice's arguments and find them to be without merit. For the foregoing reasons, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

6